# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br><br>                              Plaintiffs,<br><br>          v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br><br>                              Defendants. | Civil Action No.  1:19-cv-00150-DLF |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Defendants Nicolas D. Muzin and Stonington Strategies LLC will serve the attached document subpoena on David Reaboi.  The subpoena calls for production of documents on or before February 13, 2022, at a location within 100 miles of where the person resides, is employed, or regularly transacts business in person.  *See* Fed. R. Civ. P. 45(c)(2).

Dated: January 14, 2022

/s/ Stephen J. Obermeier
Stephen J. Obermeier (D.C. Bar # 979667)
sobermeier@wiley.law
Rebecca Saitta (D.C. Bar # 488110)
rsaitta@wiley.law
Rebecca Fiebig (D.C. Bar # 976854)
rfiebig@wiley.law
Enbar Toledano (D.C. Bar # 1030939)
etoledano@wiley.law
Krystal B. Swendsboe (D.C. Bar # 1552259)
kswendsboe@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Attorneys for Defendants Stonington*
*Strategies LLC and Nicolas D. Muzin*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2022, a true copy of the foregoing was served via electronic mail to:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Avenue, NW, Suite 201
Washington, DC 20005
(202) 760-3403
hbrownstein@kasowitz.com

Daniel R. Benson
Jacob Benson
Andrew Kurland
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700
dbenson@kasowitz.com
jbenson@kasowitz.com
akurland@kasowitz.com

*Counsel for Plaintiffs Broidy Capital
Management, LLC, and Elliott Broidy*

Randall A. Brater
ARENT FOX LLP
1717 K Street NW
Washington, DC 20006
randall.brater@arentfox.com

Eric Roman
Mohammed T. Farooqui
ARENT FOX LLP
1301 Avenue of the Americas, Floor 42
New York, NY 10019
eric.roman@arentfox.com
mohammed.farooqui@arentfox.com

*Counsel for Defendant Joseph Allaham*

Charles S. Fax
RIFKIN WEINER LIVINGSTON LLC
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814
cfax@rwlls.com

Liesel J. Schopler
RIFKIN WEINER LIVINGSTON LLC
225 Duke Of Gloucester Street
Annapolis, MD 21401
lschopler@rwlls.com

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com
jgardner@whmlaw.com

*Counsel for Defendant Gregory Howard*

/s/ Stephen J. Obermeier
———————————————
Stephen J. Obermeier

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Broidy Capital Management, LLC, and Elliot Broidy | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   1:19-cv-00150-DLF |
| Nicolas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                            David Reaboi
                                    ████████████, Sunny Isles Beach, FL 33160-3344

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1

| Place: Miami-Dade County Law Library<br>73 West Flagler St., Room 321<br>Miami, FL 33130 | Date and Time:<br><br>02/13/2022 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/14/2022

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | /s/ Stephen J. Obermeier |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Defendants
Nicolas D. Muzin and Stonington Strategies LLC                          , who issues or requests this subpoena, are:

Stephen J. Obermeier, 2050 M St. NW, Washington, DC 20036, sobermeier@wiley.law, 202-719-7465

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:19-cv-00150-DLF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                            *Server's signature*

                                         _____
                                            *Printed name and title*

                                         _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

**STONINGTON DEFENDANTS' DOCUMENT SUBPOENA TO DAVID REABOI**

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

The following requests are subject to the definitions and instructions set forth below:

1. The terms "DAVID REABOI," "You," and "Your," shall mean, unless otherwise expressly indicated by the particular context, DAVID REABOI, including, where applicable, his agents, representatives, employees, attorneys, and all persons acting or purporting to act on his behalf.

2. The terms "Broidy" or "Plaintiffs" shall mean, unless otherwise expressly indicated by the particular context, Broidy Capital Management, LLC, and Elliott Broidy.  These terms shall include all owners, principals, employees, agents, independent contractors, representatives, attorneys, and affiliates of Broidy Capital Management, LLC, as well as all agents, representatives, employees, and all persons acting or purporting to act on behalf of Elliott Broidy.

3. The term "Broidy-affiliated entity" shall mean, unless otherwise expressly indicated by the particular context, any entity in which Broidy holds a majority ownership interest and/or purports to operate on behalf of Broidy.

4. The terms "Circinus" or "Circinus Worldwide" shall mean, unless otherwise expressly indicated by the particular context, the entity Circinus, LLC with its headquarters at 1201 Wilson Blvd, Suite 2120, Arlington, VA 22209, and shall include all its owners, principals, employees, agents, independent contractors, representatives, attorneys, and affiliates.

5. The term "Defendants" shall mean, unless otherwise expressly indicated by the particular context, Nicolas D. Muzin, Joseph Allaham, Gregory Howard, and Stonington Strategies LLC.

6.     The term "Muzin" shall mean, unless otherwise expressly indicated by the particular context, Nicolas D. Muzin.

7.     The term "Allaham" shall mean, unless otherwise expressly indicated by the particular context, Joseph Allaham.

8.     The term "Howard" shall mean, unless otherwise expressly indicated by the particular context, Gregory Howard.

9.     The terms "Stonington Strategies LLC" or "Stonington" shall mean, unless otherwise expressly indicated by the particular context, Stonington Strategies LLC.

10.    The "State of Qatar" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the Qatari royal family and any individual members; the Embassy of the State of Qatar in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

11.    The term "Qatar-based entity" shall mean, unless otherwise expressly indicated by the particular context, any entity affiliated with the State of Qatar, including without limitation, the Qatar Foundation, the Qatar Investment Authority, and Al Jazeera Media Network.

12.    The terms "Kingdom of Saudi Arabia" and "Saudi Arabia" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of Saudi Arabia and any individual members; the Embassy of the Kingdom of Saudi Arabia in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

2

13.     The terms "United Arab Emirates" and "UAE" shall mean the sovereign country so titled and all political, administrative, or legal subdivisions thereof, including without limitation all agencies or instrumentalities thereof; the royal family of the UAE and any individual members; the Embassy of the United Arab Emirates in the United States; all elected and appointed officials, employees, agents, consultants, vendors, and attorneys thereof; and any other person acting for or on behalf of any of them.

14.     The term "alleged hacking" shall refer, unless otherwise expressly indicated by the particular context, to the alleged cyber hack of BCM's servers and Broidy's devices, which is alleged to have occurred between December 2017 and March 2018, that was reported on by the press.

15.     The term "communication" shall mean information (in the form of facts, ideas, or otherwise) transmitted between persons, including, without limitation, meetings, discussions, conversations, recordings, telephone calls, memoranda, letters, telecopies, telexes, conferences, emails, text messages, WhatsApp messages, notes, facsimiles, social media postings, correspondence, or seminars.

16.     The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation, including the relationship to other events.

17.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term and the term "tangible thing" in the Federal Rules of Civil Procedure. Each comment, or addition to, or deletion from, a document shall constitute a separate document within the meaning of this term.  Without limiting the generality of the foregoing, the term "document" shall also include any and all means of conveying, storing, or memorializing information, whether in paper or other tangible physical form, or in electronic form, in the

possession, custody, or control of Broidy, including without limitation, computer e-mail, text messages, WhatsApp messages, and audio recording files.

18.     The term "person" shall mean any natural person or any business, legal, or governmental entity or association.

19.     The terms "regarding," "relating to," "in connection with," or any similar terms shall mean referring to, incorporating, comprising, touching upon, indicating, evidencing, affirming, denying, concerned with, relevant to, or likely to lead to admissible evidence.

20.     The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information and documents which might otherwise be outside its scope.  Wherever appropriate, the singular form of a word shall be interpreted in the plural and the plural shall be interpreted in the singular as necessary to bring within the scope of a request any information and documents which might otherwise be outside its scope.

21.     All words not otherwise defined above shall be interpreted in accordance with their definition in any relevant documents signed by the parties, their ordinary dictionary definition, and the meaning given to them by cases interpreting the relevant law.

22.     These requests cover all documents, including electronically stored information, in, or subject to, Your possession, custody, or control including all documents or electronically stored information that You have the ability to obtain that are responsive, in whole or in part, to these requests.  All documents including electronically stored information should be produced in the manner in which they are kept in the usual course of business, or organized and labeled to correspond to the categories specified herein to which they are responsive.

23.     All documents shall be produced in a format consistent with the instructions provided in Appendix A.

24.     All documents may be produced electronically to counsel for the Stonington Defendants (Wiley Rein LLP) at 2050 M Street, NW, Washington, D.C. 20036 or to the following email addresses: sobermeier@wiley.law, kswendsboe@wiley.law, and wlane@wiley.law.

25.     In responding to these document requests:

(a)     If a document was, but no longer is, in Your possession, custody, or control, state:

      (i)     how the document was disposed of;

      (ii)    the name, current address, telephone number, and email address of the person who currently has possession, custody, or control of the document;

      (iii)   the date of disposition; and

      (iv)    the name, current address, telephone number, and email address of each person who authorized said disposition or who had knowledge of said disposition.

(b)     If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

26.     If any portion of a document is responsive to a document request, the entire document shall be produced.

27.     If You assert that any portion of a request is objectionable, answer those remaining parts of the request to which You do not object.

28.     If You withhold any documents on grounds of a claim of attorney-client privilege, work-product doctrine, or other protection, identify each such document and, with respect to each

such document, state the specific basis for the claim of privilege or protection in the manner required by federal law and the Federal Rules of Civil Procedure.

29.     Unless otherwise indicated, these requests seek documents prepared on or after January 1, 2016, through the present.  If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the requests.

## DOCUMENT REQUESTS

1.     All communications with Broidy, his agents, his representatives, or any Broidy-affiliated entity, including without limitation lawyers at Boies Schiller Flexner LLP or Latham & Watkins, regarding Defendants, the alleged hacking, the State of Qatar, the UAE, Saudi Arabia, or any individuals or entities—including without limitation nonprofit organizations, think tanks, and media organizations—that received funding from the UAE or Saudi Arabia, as well as any documents relating to such communications.

2.     All communications with Joel Mowbray or Fourth Factor Consulting, their agents, or their representatives, including attorneys at Statecraft PLLC, regarding Broidy, Defendants, the State of Qatar, the UAE, Saudi Arabia, or the alleged hacking, as well as any documents relating to such communications.

3.     All communications between You and any person regarding Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar or any Qatar-based entity, as well as any documents relating to such communications.

4.     All documents and communications regarding Broidy's advocacy, lobbying, or consulting efforts on behalf of Saudi Arabia, the UAE, or any individuals or entities—including

without limitation nonprofit organizations, think tanks, and media organizations—that received funding from either country.

5.      All communications with George Nader, GS Investment Ltd., or Xiemen Investments Limited, their agents, their representatives, or their attorneys, including communications between Your attorneys and Mr. Nader's, GS Investment Ltd.'s, or Xiemen Investments Limited's agents, representatives, or attorneys, regarding Broidy, Defendants, the State of Qatar, the UAE, or Saudi Arabia, as well as any documents relating to such communications.

6.      All communications between You and any person regarding Broidy's business dealings with the UAE or Saudi Arabia, or any officials, agents, or representatives of those countries, as well as any documents relating to such communications.

7.      All communications between You, Your agents, or representatives, and members of the press, or their staff, agents, or representatives, regarding Broidy, the alleged hacking, or Defendants, as well as any documents relating to such communications.

8.      All media, articles, reports, Twitter posts, social media posts, and public statements that You, or someone on Your behalf, authored or contributed to regarding Broidy, Defendants, the alleged hacking, as well as any documents or communications relating to such publications.

9.      All documents and communications regarding public statements Broidy has made about the State of Qatar, the UAE, or Saudi Arabia.

10.     All documents and communications regarding payments, distributions, donations, or disbursements that were made to You on behalf of, received from, or made by Broidy or Circinus Worldwide, their staff, their agents, their representatives, or any individuals acting on their behalf.

11.     All documents and communications regarding monetary payments or donations made or received by You, in connection with Broidy's advocacy, lobbying, or consulting efforts relating to the State of Qatar, including without limitation monetary payments or donations made by or received from Saudi Arabia or the UAE, or any individuals or entities—including but not limited to nonprofit organizations, think tanks, and media organizations—that received funding from either country.

12.     All documents and communications regarding payments, donations, gifts, grants, disbursements, or contributions—including without limitation contributions to PACs, Hybrid PACs, Super PACs, 501(c)(3) organizations, or 501(c)(4) organizations—received by or made by Broidy, or at Broidy's direction, in relation to any federal political campaign.

13.     All documents and communications relating to financial transactions or exchanges of anything of value, whether direct or indirect, between You—or any entity that you own or are affiliated with—and Broidy, Circinus Worldwide, or any Broidy-affiliated entity.

14.     All contracts, agreements, pitches, proposals, or bids regarding Broidy or Defendants.

15.     All communications with officials, agents, or representatives of the United States government regarding the alleged hacking, Defendants, or Broidy, as well as any documents relating to such communications.

# Appendix A



# Production Protocol Specifications

**PRODUCTION FORMAT**

*General Specifications*

- Please produce documents in TIFF format unless the document is a type that does not image in a useful manner (*e.g.*, spreadsheets, videos).

- All documents should have a unique reference number (*i.e.*, a page-level Bates number for imaged materials or a document-level control number for native/near-native materials).

- Please use a consistent prefix and number of digits in bates numbers.

- Please programmatically deduplicate electronic materials globally, providing metadata information for other custodians who had duplicative copies of a document.

- Materials to be used as exhibits may be imaged for consistency of pagination. For materials originally produced in native format and later printed or converted to image for use at deposition or in a summary judgment motion, please ensure that the document is identified by its document-level control number.

*Native Files*

- Please name native files to match the document-level control/Bates number.

- Metadata and extracted text should be provided for all files.

- Please provide email attachments as separate files and include as separate records in metadata load file. Email attachments should directly follow in the numbering sequence the parent email to which they were attached.

- Metadata scrubbers should not be applied to documents prior to production.

*Imaged Files*

- For any files that require imaging, please use single-page Group IV TIFF (minimum 300 dpi and no LZW compression) for black and white images or JPG color for image productions.

- Image files should be named to match the corresponding Bates number.

- Production images should have the Bates number endorsed in the lower right-hand corner in a manner that does not truncate or obscure the contents of the document.

- Please provide a Concordance Image OPT or an IPRO LFP load file for all images.

- For imaged paper materials, please provide, at minimum, BEGDOCNO, ENDDOCNO, CUSTODIAN, and PAGECOUNT values. If attachment ranges exist, please include BEGATTACH and ENDATTACH as well.

- Please do not split documents across image subdirectories.



*Extracted/OCR Text*

- Text should be provided for all materials as follows:

  o Extracted document text is expected for all documents originally in electronic form.

  o OCR text should be provided for all materials originally in paper form, redacted materials, and any electronic materials from which text cannot be extracted (*e.g.*, non-searchable PDF files).

- Please provide document text as separate, document-level text files named to match the starting Bates or control number; do not provide document text as a field in a delimited text file.

- Please provide a path to the document's corresponding text file either in the metadata load file or in a separate text file containing the document control number and the path on the production media to the corresponding document text file.

*Metadata*

- Metadata information should be provided for all materials that existed in electronic format in the ordinary course of business.

- Metadata values listed in the table at the end of this document should be provided in a delimited text file.

- Field names should be provided in the header row of every data file.

- Fields should be delimited using either the Concordance default delimiters or the pipe (|) and caret (^) as field delimiters, NOT commas and quotes.

- Please use both delimiters on all fields, including numbers and dates.


**PRODUCTION MEDIA**

- Please supply media appropriate to the production size; for example, if the production is 20 GB in size, we would prefer to receive that on a hard drive rather than on 5 DVDs.

- Please give each production a unique volume identifier (*e.g.*, BatesPrefix001, et seq.).

- Please create the following subfolders on each production delivery:

  o DATA (containing all volume load files)

  o TEXT (containing all extracted text files)

  o IMAGES (containing all produced images)

  o NATIVES (containing all produced natives)



**STRUCTURED DATA**

If a matter includes structured data (e.g., accounting systems, call center ticketing systems, Access databases, non-email Lotus Notes databases), a protocol for extracting relevant data and producing it in a usable format needs to be determined on a case-by-case basis once the structured data sources have been identified and we understand what they contain.

**MOBILE DATA**

Parties should confer on the format of exchange for records produced from mobile devices. Metadata values in the table below specific to IMs, Texts, and/or Chats retrieved from mobile devices should be extractable in most circumstances for purposes of production.



| Field Name | Field Description | Field Type | Hard Copy | Email | Other ESI | Calendar Items | IMs, Texts, Chats |
|---|---|---|---|---|---|---|---|
| BEGDOC | The unique sequential document control number of the first page of the document. Cannot contain spaces or special characters. | Text | ✓ | ✓ | ✓ | ✓ | ✓ |
| ENDDOC | The unique sequential control number of the last page of the document. Cannot contain spaces or special characters. | Text | ✓ | ✓ | ✓ | ✓ | ✓ |
| BEGATTACH | Used for documents in a family group (e.g. an email with attachments). Populated with the document control number of the parent document. Populated for each child document as well as the parent document. | Text | ✓ | ✓ | ✓ | ✓ | ✓ |
| ENDATTACH | Used for documents in a family group (e.g. an email with attachments). Populated with the ENDDOC of the last child record in the family group. Populated for each child document as well as the parent document. | Text | ✓ | ✓ | ✓ | ✓ | ✓ |
| CUSTODIAN | Name of the individual, or group/department for shared resources, from whose files the document originated. Format: Last, First or ABC Dept. Use consistent naming and formatting across all productions. | Text | ✓ | ✓ | ✓ | ✓ | ✓ |
| ALLCUSTODIANS | All custodians who were in possession of a deduplicated document, including the person or group identified in the CUSTODIAN field. Format: Last, First or ABC Dept. Use consistent naming and formatting across all productions. | Multi-Entry | ✓ | ✓ | ✓ | ✓ | ✓ |
| RECORD TYPE | Format of document: Email, Email Attachment, E-File, Paper, Text/Chats | Text | ✓ | ✓ | ✓ | ✓ | ✓ |
| PARENT DATE | First non-null value and valid date from the following fields in this order: CalendarDateTime, Send Date, PostedDate, ReceivedDate, Delivered Date, Date Last Saved, Date Last Modified, Last Modified File System, Creation Date, Date Created, Creation Date File System, Last Access Date, Last Access Date File System, Last Print Date and Date Last Printed. Format: MM/DD/YYYY HH:MM:SS (use 24 hour times, e.g., 13:32:00 for 1:32 pm); time zone indicators cannot be included). | Date-Time | ✓ | ✓ | ✓ | ✓ | ✓ |
| VOLUMENAME | Unique production volume identifier applied (e.g., ABC001-001). | Text | ✓ | ✓ | ✓ | ✓ | ✓ |



| Field Name | Field Description | Field Type | Hard Copy | Email | Other ESI | Calendar Items | IMs, Texts, Chats |
|---|---|---|---|---|---|---|---|
| EMAIL ADDRESS FROM | Sender of the Email, Instant Message, Text Message, Chat, or Calendar item. | Text | | ✓ | | ✓ | |
| EMAIL ADDRESS TO | Primary recipients of the Email, Instant Message, Text Message, Chat, or Calendar Item. Separate multiple entries with a semi-colon followed by a space. | Multi-Entry | | ✓ | | ✓ | |
| EMAIL ADDRESS CC | Copyees of the Email, Instant Message, Text Message, Chat or Calendar Item. Separate multiple entries with a semi-colon followed by a space. | Multi-Entry | | ✓ | | ✓ | |
| EMAIL ADDRESS BCC | Blind Copyees of the Email, Instant Message, Text Message, Chat or Calendar Item. Separate multiple entries with a semi-colon followed by a space. | Multi-Entry | | ✓ | | ✓ | |
| EMAIL SUBJECT | Subject line of the Email, Instant Message, Text Message, Chat, calendar item, or Notes item. | Text | | ✓ | | ✓ | |
| DATE SENT | Date the Email, Instant Message, Text Message, Chat or Calendar Item was sent. Format: MM/DD/YYYY | Date | | ✓ | | ✓ | |
| TIME SENT | Time the Email, Instant Message, Text Message, Chat or Calendar Item was sent. Format: HH:MM:SS (use 24 hour times, e.g., 13:32:00 for 1:32 pm); time zone indicators cannot be included). | Time | | ✓ | | ✓ | |
| ATTACHMENT NAMES | List of original file names of any attachments to an email. Separate multiple entries with a semi-colon followed by a space. | Multi-Entry | | ✓ | | ✓ | |
| PAGE COUNT | Image/page count of produced version of each document. | Numeric | ✓ | ✓ | ✓ | ✓ | ✓ |
| HAS REDACTIONS | Populated with Y for all documents which have been produced with redactions. | Yes/No | ✓ | ✓ | ✓ | ✓ | ✓ |
| CONFIDENTIALITY | Populated with the applicable confidentiality designation (CONFIDENTIAL, HIGHLY CONFIDENTIAL, etc.) associated with the produced file. | Text | ✓ | ✓ | ✓ | ✓ | ✓ |
| INTERNETMSGID | Internet message ID assigned by the outgoing mail server which typically includes messageid and a domain name. Example: 0E6648D558F338179524D555@m1p.innovy.net | Text | | ✓ | | ✓ | |
| CONVERSATION INDEX | Conversation index value for Microsoft Exchange emails. | Text | | ✓ | | ✓ | |

**wiley**

| Field Name | Field Description | Field Type | Hard Copy | Email | Other ESI | Calendar Items | IMs, Texts, Chats |
|---|---|---|---|---|---|---|---|
| DATE CREATED | Date the electronic file was created. Format: MM/DD/YYYY | Date | | | ✓ | | ✓ |
| TIME CREATED | Time the electronic file was created. Format: HH:MM:SS (use 24 hour times, e.g., 13:32:00 for 1:32 pm); time zone indicators cannot be included). | Time | | | ✓ | | ✓ |
| DATE MODIFIED | Date the electronic file was modified. Format: MM/DD/YYYY | Date | | | ✓ | | ✓ |
| TIME MODIFIED | Time the electronic file was modified. Format: HH:MM:SS (use 24 hour times, e.g., 13:32:00 for 1:32 pm); time zone indicators cannot be included). | Time | | | ✓ | | ✓ |
| AUTHOR | Author field value pulled from the metadata of a native file. | Text | | | ✓ | | |
| FILE NAME | Original file name of the native file, including file extension. | Text | | ✓ | ✓ | ✓ | ✓ |
| DOCEXT | File extension of original native file; e.g. XLSX, PDF, DOCX | Max 5 chars | | ✓ | ✓ | ✓ | |
| FOLDERPATH | Full file path of the original native document(s) from the source media. This should include the name of top-level file or item that is the source of all data for a batch (can be a Zip, PST, NSF or CD/DVD name). | Multi-Entry | | ✓ | ✓ | ✓ | |
| FILE SIZE | File size of native documents in bytes. | Numeric | | ✓ | ✓ | ✓ | ✓ |
| DATE APP START | Start date and time of calendar appointments, voice messages, chats, text message conversations. Format: MM/DD/YYYY HH:MM:SS (use 24 hour times, e.g., 13:32:00 for 1:32 pm); time zone indicators cannot be included. | Date-Time | | | | ✓ | ✓ |
| DATE APP END | End date and time of calendar appointments, voice messages, chats, text message conversations. Format: MM/DD/YYYY HH:MM:SS (use 24 hour times, e.g., 13:32:00 for 1:32 pm); time zone indicators cannot be included. | Date-Time | | | | ✓ | ✓ |
| TITLE | Application-stored title metadata. | Text | | | ✓ | | |
| COMMENTS | Application-stored comments metadata. | Text | | | ✓ | | |
| KEYWORDS | Application-stored keywords metadata. | Text | | | ✓ | | |



| Field Name | Field Description | Field Type | Hard Copy | Email | Other ESI | Calendar Items | IMs, Texts, Chats |
|---|---|---|---|---|---|---|---|
| MOBILE CHAT THREAD OWNER | Phone number of the owner of the device from which the conversation was extracted. | Numeric | | | | | ✓ |
| MOBILE CHAT THREAD RECIPIENT | Phone number of one of the contacts with whom the Chat Thread Owner exchanged messages. Within the conversation document, that Recipient will always appear as either a sender or recipient of each message in the conversation. | Numeric | | | | | ✓ |
| MOBILE PARTICIPANTS | Name (or phone number if a mapped name doesn't exist) of all the contacts who either sent or received any messages within the conversation document. | Multi-Entry | | | | | ✓ |
| MOBILE TOTAL CALL TIME | For documents that include phone conversations, this field holds the total length of the phone call or calls. Format HH:MM:SS | Text | | | | | ✓ |
| MOBILE CHAT APPLICATIONS | Types of chat applications that were used in the document. Call value represents the call log i.e. incoming/outgoing/missed calls. | Text | | | | | ✓ |
| MD5 HASH | Document MD5 hash value (used for deduplication or other processing). | Text | | ✓ | ✓ | ✓ | ✓ |
| NATIVE LINK | File path location to the current native file location on the delivery medium. | Text | | ✓ | ✓ | ✓ | ✓ |
| TEXT LINK | File path location to the extracted text or OCR test file for each record. | Text | ✓ | ✓ | ✓ | ✓ | ✓ |

4849-5565-8362.4