# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## Case No.: 1:22-MC-20786-BB

| | |
|---|---|
| **In re: Motion to Compel Compliance with Subpoena Directed to Non-Party David Reaboi**<br><br>BROIDY CAPITAL MANAGEMENT, LLC and ELLIOTT BROIDY<br>       Plaintiffs,<br><br> v.<br><br>NICOLAS D. MUZIN, JOSEPH ALLAHAM, GREGORY HOWARD, and STONINGTON STRATEGIES LLC<br>       Defendants. | Underlying Litigation:<br><br>United States District Court<br>for the District of Columbia<br>Civil Action No.: 19-cv-00150-DLF |

## MOVANTS' REPLY TO RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Movants Nicolas D. Muzin and Stonington Strategies LLC (together "Movants" or "Stonington") provide the following reply to Respondent David Reaboi's Response to the Court's Order to Show Cause. Mr. Reaboi's two-page answer to the Court's Order is non-responsive, and the Court should order Mr. Reaboi to provide full and complete responses to Stonington's subpoena.

## ARGUMENT

In his latest filing, Mr. Reaboi concedes that he has no basis to excuse his failure to timely respond to Stonington's subpoena. Despite receiving that subpoena on January 22, 2022, Reaboi Decl. ¶ 3, ECF No. 13-1, Mr. Reaboi chose not to respond for more than two months and only after Stonington filed its motion to compel, *id.* ¶¶ 8–9. In doing so, Mr. Reaboi waived any objections and violated his obligation to respond to the subpoena. *See* Mot. Compel 6–8, ECF No. 1.

Mr. Reaboi has not demonstrated good, or even colorable, cause for his noncompliance. The only explanation Mr. Reaboi has offered for his noncompliance is that he "was aware" that Plaintiffs in the Underlying Action[1]—Elliott Broidy and Broidy Capital Management LLC ("Broidy")—"were filing a motion that was related" to the documents requested in Stonington's subpoena. Reaboi Decl. ¶ 5. Based on that forthcoming motion, Mr. Reaboi claims that he mistakenly believed he did not need to respond to Stonington. *Id.* ¶ 6.

But Mr. Reaboi had already blown through his deadlines for objecting and compliance by the time Broidy filed that motion. Suffice to say, a later-filed motion in another jurisdiction cannot retroactively change the deadlines imposed on Mr. Reaboi by the Federal Rules of Civil Procedure.

---

[1] *Broidy Cap. Mgmt., LLC v. Muzin*, No. 1:19-cv-00150-DLF ("Underlying Action") (D.D.C. Apr. 2, 2019).

1

*See* Mot. Protective Order, Quash, Strike, Underlying Action, ECF No. 118 (D.D.C. Feb. 14, 2022) (showing Plaintiffs' motion in the Underlying Action was not filed until after Mr. Reaboi's response deadline of February 13, 2022). And, moreover, Mr. Reaboi has waived his right to join in Broidy's discovery objections by failing to timely assert any objections of his own. *See* Opp'n Mot. Transfer 7–8, ECF No. 12.

Notably, Mr. Reaboi's Declaration undermines his supposed lack of awareness of his discovery obligations and purported good faith. Mr. Reaboi's Declaration indicates that, after receiving Stonington's subpoena, he was in contact with Broidy or Broidy's counsel, who later stepped in to represent Mr. Reaboi in this proceeding only after Stonington filed a motion to compel. Broidy or his counsel apparently informed Mr. Reaboi that they intended to file a motion addressing discovery in the Underlying Action. And, as a result of those communications, Mr. Reaboi apparently took the position that he did not need to respond.

This is not the first time Broidy or his counsel have interfered with non-party discovery. At least six separate respondents—including Mr. Reaboi—have simply failed to object or respond to Stonington's subpoenas, forcing Stonington to file four motions to compel in three separate jurisdictions. *See also* Underlying Action, ECF No. 124 (Mar. 21, 2022); *id.*, ECF No. 126 (Mar. 25, 2022); *In re: Motion to Compel Compliance with Subpoena Directed to Non-Party Delon Cheng*, No. 2:22-MC-79 (C.D. Cal. Apr. 1, 2022). Like Mr. Reaboi, at least two other subpoena respondents have relied on an "understand[ing]" that Broidy would be filing a motion to quash in the Underlying Action to explain their total violation of Stonington's subpoenas. *See* Opp'n Ex. A, Decl. § 7, Underlying Action (Apr. 12, 2022), ECF No. 132-1. Another subpoena respondent received a text message from Broidy's agent, Joel Mowbray, telegraphing that Broidy would be filing a motion to quash and offering legal assistance from Broidy to resist the subpoena.

2

Mr. Reaboi apparently received the same offer, as he is represented by Broidy's counsel, and as there is no other explanation for his "understanding" that no response to the subpoena was necessary. Such widespread interference with lawful and valid subpoenas should not be tolerated. And, at a minimum, subpoena recipients should be held to their basic obligations.

Mr. Reaboi has thus given the Court no reason why he should not be compelled to provide full and complete responses to the subpoena, and the Court should not excuse such blatant violation of the Federal Rules, either by Mr. Reaboi or his counsel.

## CONCLUSION

For the reasons stated above, as well as those stated in the Motion to Compel Subpoena Responses, Stonington respectfully requests that the Court grant the Motion in full, compel David Reaboi to respond in full to the discovery requests stated in the Stonington subpoena, find David Reaboi in contempt, award attorneys' fees and costs, and grant such other relief as appropriate.

Dated: April 14, 2022

/s/ Ralph Caccia
Ralph Caccia (Fla. Bar No. 0087224)
rcaccia@wiley.law
Stephen J. Obermeier (*pro hac vice*)
sobermeier@wiley.law
Krystal B. Swendsboe (*pro hac vice*)
kswendsboe@wiley.law
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049

*Counsel for Movants Stonington Strategies LLC and Nicolas D. Muzin*

## CERTIFICATE OF SERVICE

I certify that on April 14, 2022, I have caused a true and correct copy of the foregoing Reply to Response to the Court's Order to Show Cause to be served on all counsel of record via CM/ECF and via electronic mail to the following individuals:

Henry B. Brownstein
KASOWITZ BENSON TORRES LLP
1399 New York Ave. NW, Suite 201
Washington, DC 20005
hbrownstein@kasowitz.com

Andrew R. Kurland
Daniel R. Benson
Jacob I. Benson
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
akurland@kasowitz.com
dbenson@kasowitz.com
jbenson@kasowitz.com

*Counsel for Non-Party David Reaboi and Plaintiffs Broidy Capital Management and Elliott Broidy*

Liesel J. Schopler
RIFKIN WEINER LIVINGSTON LLC
225 Duke Of Gloucester Street
Annapolis, MD 21401
lschopler@rwlls.com

Charles S. Fax
RIFKIN WEINER LIVINGSTON LLC
4800 Hampden Lane, Suite 820
Bethesda, MD 20814
cfax@rwlls.com

Jeffrey A. Udell
Adam P. Cohen
Jacob Gardener
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, NY 10281
judell@wmhlaw.com
acohen@wmhlaw.com
jgardener@wmhlaw.com

*Counsel for Defendant Gregory Howard*

| | |
|---|---|
| Randall Adam Brater<br>ARENT FOX LLP<br>1717 K Street NW<br>Washington, DC 20006<br>randall.brater@arentfox.com<br><br>Eric Roman<br>Mohammed T. Farooqui<br>Nicholas Collins<br>ARENT FOX LLP<br>1301 Avenue of the Americas, Floor 42<br>New York, NY 10019<br>eric.roman@arentfox.com<br>mohammed.farooqui@arentfox.com<br>nicholas.collins@arentfox.com<br><br>*Counsel for Defendant Joseph Allaham* | David M. Zionts<br>Alexander A. Berengaut<br>Megan O'Neill<br>COVINGTON & BURLING LLP<br>One City Center<br>850 10th St. NW<br>Washington, DC 20001<br>dzionts@cov.com<br>aberengaut@cov.com<br>moneill@cov.com<br><br>*Counsel for Interested Non-Party State of Qatar* |

 

/s/ Ralph Caccia
Ralph Caccia