UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-mc-20786-BLOOM**

BROIDY CAPITAL MANAGEMENT, LLC
and ELLIOTT BROIDY

    Plaintiffs,

v.

NICOLAS D. MUZIN, JOSEPH ALLAHAM,
GREGORY HOWARD, and STONINGTON
STRATEGIES LLC,

    Defendants.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER

**THIS CAUSE** is before the Court upon Non-party David Reaboi's ("Reaboi") Motion to Transfer, ECF No. [10] ("Motion"). Defendants Nicolas D. Muzin and Stonington Strategies, LLC filed a Response, ECF No. [12], to which Reaboi filed a Reply, ECF No. [12]. Reaboi additionally filed two Notices, ECF Nos. [16, [17], to which Defendants filed a Response, ECF No. [18]. The Court has carefully considered the Motion, the Responses, the Reply, the Notices, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

    **I.**    **BACKGROUND**

Defendants are named defendants in an action pending in the U.S. District Court for the District of Columbia. *See Broidy Capital Mgmt., LLC et al. v. Muzin et al.*, No. 1:19-cv-00150 (D.D.C. 2019). On March 16, 2022, Defendants initiated the present proceeding in this Court with the filing of their Motion to Compel Subpoena Responses, ECF No. [1].

On March 28, 2022, Reaboi filed the instant Motion. ECF No. [10]. Therein, he argues that

transfer to the D.C. District Court is appropriate under Federal Rule of Civil Procedure 45(f) because he consents to transfer, and because the case presents "exceptional circumstances." *Id*. at 4-8.

In Response, Defendants argue that "this is not the usual circumstance contemplated in Rule 45(f), in which a moving party seeks transfer with the subpoena recipient's consent." ECF No. [12] at 11. Defendants further argue that this matter does not present exceptional circumstances. *Id*. at 12.

## II.   DISCUSSION

Federal Rule of Civil Procedure 45 requires subpoena-related motions to be filed in the court where compliance with the subpoena is required. Fed. R. Civ. P. 45(d). If the court where compliance is required is not the court that issued the subpoena, Rule 45(f) allows the compliance court to transfer the motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). In filing his Motion, Reaboi has clearly consented to transfer.

Defendants nonetheless argue that Rule 45(f) "envisions" transfer with "mutual 'consent'" of the parties. ECF No. [12] at 9-10. Reaboi correctly points out that Defendats cite no case or authority for the proposition that Rule 45(f) requires mutual consent. ECF No. [15] at 3. That lack of authority for Defendants' position is unsurprising, because Rule 45(f) only mentions the consent of "the person subject to the subpoena." Courts must interpret a Federal Rule of Civil Procedure according to "what the Rule provides in plain language," *Schiavone v. Fortune*, 477 U.S. 21, 30 (1986), which in this case is unilateral consent from the party subject to subpoena.

Lest any doubt remain, the Court looks to the Advisory Committee's Notes to the 2013 Amendments to Rule 45. *See Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005) ("Although not binding, the interpretations in the Advisory Committee Notes are nearly

2

universally accorded great weight in interpreting federal rules." (quotation marks omitted)). According to those Notes, the purpose of requiring subpoena disputes to be filed "in the court in which compliance is required" is "[t]o protect local nonparties." Rule 45 Advisory Committee Note, 2013 Amendments ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas[.]"). In light of that purpose and Reaboi's preference to transfer this proceeding to the issuing court, Defendants' opposition is not well taken.

The Court agrees with Reaboi that his "consent alone is sufficient to warrant transfer under Rule 45(f)." ECF No. [15] at 5. "*In the absence* of consent, the court may transfer in exceptional circumstances[.]" Rule 45 Advisory Committee Note, 2013 Amendments (alteration added). There is no absence of consent from the nonparty in this case, so the Court need not evaluate whether transfer is additionally warranted due to exceptional circumstances.

### III. CONCLUSION

Accordingly, it is **ORDERD AND ADJUDGED** as follows:

1. Reaboi's Motion to Transfer, **ECF No. [10]**, is **GRANTED**.

2. The Clerk of the Court is **ORDERED** to transfer Defendants' Motion to Compel Subpoena Responses, **ECF No. [1]**, to the District Court for the District of Columbia, *Broidy Capital Mgmt., LLC et al. v. Muzin et al.*, No. 1:19-cv-00150 (D.D.C. 2019).

3. This Clerk shall **CLOSE** the case.

Case No. 22-mc-20786-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 15, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record